FILED
SUPERIOR COURT
OF GUAM

2020 NOV -9 PM 1: 21

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| PEOPLE OF GUAM,<br><br>vs.<br><br>**JOSEPH JOAQUIN PALOMO**<br>DOB: 08/31/1987<br><br>Defendant. | CRIMINAL CASE NO. CF0396-20<br><br>**DECISION AND ORDER** |
| --- | --- |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on October 13, 2020, upon the Defendant's Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 40.50 for Release on Personal Recognizance filed July 27, 2020 ("Motion for Bail Redetermination"). Defendant Joseph Joaquin Palomo ("Defendant") was represented by Assistant Public Defender Brian Kegerreis. Assistant Attorney General Christine S. Tenorio represented the People of Guam ("the People"). Having reviewed the pleadings and having heard oral arguments in this matter, the Court issues the following Decision and Order.

### BACKGROUND

On August 11, 2020, the Defendant was charged via Indictment with: 1) Assault on a Peace Officer (as a Third Degree Felony); 2) Criminal Mischief (as a Misdemeanor); and 3) Disorderly Conduct (as a Petty Misdemeanor). *See* Indictment (Aug. 11, 2020). According to the Declaration attached to the Magistrate's Complaint, the charges against the Defendant are based on allegations surrounding a disturbance complaint involving the Defendant, wherein the Defendant, allegedly irate, damaged property and assaulted a police officer. *See* Magistrate's Compl. (Jul. 20, 2020). The Defendant was arrested and committed at the Department of

Corrections on July 20, 2020. *See* Commitment Order (Apr. 29, 2020). The Defendant remains in custody pending the posting of Five Thousand Dollars ($5,000.00) cash bail. *Id.*

On June 19, 2020, the Defendant filed the instant Motion for Bail Redetermination. The People did not file a written Opposition to the Defendant's motion. However, at the bail hearing on October 13, 2020, the People opposed the Defendant's release on the grounds that the charges against the Defendant involve allegations of violent crimes against the community. At the conclusion of the hearing, the Court took the matter under advisement.

## DISCUSSION

Guam law provides that "[a] person for whom conditions of release are imposed . . . and who after twenty-four (24) hours from the time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 GCA § 40.50.

Section 40.15 of Title 8 of the Guam Code states, that the Court must "order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 GCA § 40.15(b) (emphasis added). Further, Guam law requires that the Court impose the least onerous conditions necessary to ensure the person appears in court and to keep the community safe. 8 GCA § 40.20; *see Guam v. Song*, 2011 Guam 19 ¶ 11. In making such determination, the Court must consider the nature of the offense charged, the apparent possibility of conviction, and the likely sentence. 8 GCA § 40.15(c)(1). The Court must also consider a series other factors, such as the history and characteristics of the person charged, his reputation and character, his prior criminal record, any records of prior release on recognizance or on bail, and any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or any member of the community. *Id.* at (c)(2) through (6).

Here, the Court recognizes that the Defendant is a life-long resident of Guam and that he has close familial and social ties to Guam. The Court does not necessarily view the Defendant as a flight risk, and notes the Defendant's **low** ORAS-PAT score. However, the Court notes the

violent nature of the charges against the Defendant. Further, the Court is concerned with the Defendant's risk to the community and disregard for previous Court orders. Currently, the Defendant has two active criminal cases, both of which are felonies, wherein the Defendant was given the opportunity to be released pending trial. *See* Criminal Case Nos. CF0414-19 and CF0029-19. The Defendant also has five (5) prior criminal cases. Thus, in consideration of the factors above, the Court finds that releasing the Defendant on personal recognizance is unwarranted at this time. Further, the Court finds that a Five Thousand Dollar ($5,000.00) cash bail is an appropriate amount. Accordingly, the Court hereby **DENIES** the Defendant's Motion for Bail Redetermination.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion for Bail Redetermination is **DENIED**.

IT IS SO ORDERED _____ NOV 0 9 2020 _____.

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG , POSC

Date: 11/9/20 Time: 1:37pm
Antonio P. Cruz
Deputy Clerk, Superior Court of Guam